UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON,

    Plaintiff,

v.

UNKNOWN PYNNONEN, et al.,

    Defendants.
_____/

Case No. 2:20-cv-170

Hon. Hala Y. Jarbou

## ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On June 4, 2021, the Court filed an order (ECF No. 58), which denied Plaintiff's motion for an order directing the Michigan Department of Corrections to transfer him to another facility. Plaintiff has filed a notice of interlocutory appeal of that order. (ECF No. 68.) The matter is presently before the Court on Plaintiff's two motions for leave to appeal *in forma pauperis*. (ECF Nos. 69, 71.)

Under Federal Rule of Civil Procedure 24(a)(3), "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis, unless . . . the district court . . . certifies that the appeal is not taken in good faith . . . ." *Id.*; *see also* 28 U.S.C. § 1915(a)(3). This Court therefore must decide whether an appeal of this action would be in good faith within the meaning of Rule 24(a)(3) and 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court concludes that Plaintiff's interlocutory appeal would not be taken in good faith, as the order from which he appeals does not fall within the jurisdiction of the court of appeals, because it is neither a final decision, 28 U.S.C. § 1291, nor an appealable interlocutory

decision, 28 U.S.C. § 1292. As a consequence, the appeal is frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Because the Court certifies that an appeal would not be taken in good faith, Plaintiff is not eligible to proceed on appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Plaintiff is informed that within 28 days from the date of this notice he must submit the $505.00 filing fee or he must file in the United States Court of Appeals for the Sixth Circuit a motion for leave to proceed *in forma pauperis*, a certified copy of a prisoner trust account statement, and an affidavit of indigence. 28 U.S.C. § 1915(a)(2); *McGore*, 114 F.3d at 609.

Plaintiff is also notified that if he fails to pay the filing fee or to file the required documents as described above, the Court of Appeals may dismiss his appeal for failure to prosecute under Rule 3 of the Federal Rules of Appellate Procedure. *See McGore*, 114 F.3d at 610. In that case, this Court will assess the entire filing fee, which will be payable in full regardless of the previous dismissal. *See id.* In addition, the appeal will not be reinstated even if Plaintiff subsequently pays the filing fee or requests to proceed as a pauper. *See id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for leave to appeal *in forma pauperis* (ECF Nos. 69, 71) are **DENIED**, and Plaintiff must seek leave to appeal *in forma pauperis* in the Sixth Circuit Court of Appeals or pay the filing fee as stated above.

Dated: July 6, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO**:
Clerk, U.S. District Court
330 Federal Bldg.
202 W. Washington St.
PO Box 698
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**