UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON,

    Plaintiff,

v.

UNKNOWN PYNNONEN, et al.,

    Defendants.

_____/

Case No. 2:20-cv-170

Hon. Hala Y. Jarbou

## ORDER

This is a prisoner civil rights action under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment (ECF No. 23), arguing that Plaintiff failed to exhaust his available administrative remedies. The magistrate judge issued a report and recommendation (R&R) that the Court deny the motion (ECF No. 78). Before the Court are Defendants' objections to the R&R (ECF No. 83).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In the R&R, the magistrate judge determined that Defendants had not shown that they were entitled to summary judgment on the affirmative defense of exhaustion. Plaintiff filed a grievance regarding the issues in his complaint. When responding to that grievance, prison staff noted that Plaintiff had not followed the instructions for filing a grievance while on modified access to the grievance process. Thus, the grievance was returned "without investigation." (*See* ECF No. 24-3, PageID.255.) However, the grievance response also contained a handwritten note indicating that a copy of the grievance was sent to the Inspector's Office for review. (*See* R&R 11.)

Defendants provided no explanation of that note, and no evidence of the outcome of that review. The R&R correctly noted that the MDOC can waive procedural defects in a grievance by reviewing it on the merits. (R&R 8-9.) When that waiver occurs, the prisoner's failure to comply with the procedural rules does not bar the prisoner's subsequent lawsuit. (*Id.* at 8.)

Viewing the evidence in a light most favorable to Plaintiff, it is possible that prison officials sent the grievance to the Inspector's Office for a review on the merits. If that merits review occurred, then it does not matter whether Plaintiff failed to comply with the procedural rules for filing his grievance. Thus, the R&R correctly determined that a question of fact remained as to whether Plaintiff had exhausted his administrative remedies.

Defendants acknowledge their failure to address the issue in their briefing before the magistrate judge; nevertheless, they contend that the record is "sufficiently clear" to find that Plaintiff did not exhaust the grievance process. (Defs.' Objs. 2, ECF No. 83.) Defendants point to the following language from MDOC Policy Directive 03.02.130 ¶ R:

> All grievances alleging conduct that falls under the jurisdiction of Internal Affairs shall be referred to Internal Affairs as set forth in PD 01.01.140 "Internal Affairs" even if they would otherwise be rejected. The Manager of Internal Affairs or designee shall notify the Warden or FOA Deputy Director or designee, and either the Inspector or Grievance Coordinator as appropriate, in writing if the grievance is determined to fall within the jurisdiction of Internal Affairs; in such cases, an investigation shall be conducted in accordance with PD 01.01.140 and the grievant notified that an extension of time is therefore needed to respond to the grievance. The Manager of Internal Affairs or designee also shall notify the Warden or FOA Deputy Director or designee, and the Inspector or Grievance Coordinator as appropriate, if it is determined that the grievance is not within the jurisdiction of Internal Affairs; in such cases, the grievance shall continue to be processed as a Step I grievance in accordance with this policy.

(ECF No. 83-2.)

According to Defendants, this policy language explains that grievances alleging conduct that is within the jurisdiction of Internal Affairs will be referred to Internal Affairs "even if they

would otherwise be rejected." (*Id.*) Internal Affairs will then determine whether the grievance is within its jurisdiction. If the grievance is within its jurisdiction, Internal Affairs will conduct an investigation and notify the prisoner that an extension of time is needed to respond. Otherwise, the grievance will be processed normally as a Step I grievance.

Defendants contend that, because a Step I Response to Plaintiff's grievance issued within the regular 15-business-day timeframe for such a response, "it appears that Internal Affairs determined that the conduct was not within its jurisdiction." (Defs.' Objs. 3.) That is certainly one way to interpret the record, but it is not the only way. It is also possible that Internal Affairs conducted an independent review of the merits of the grievance within 15 business days, meaning that no extension of time was necessary. At this point, the Court must view the evidence in a light most favorable to Plaintiff. Importantly, Defendants' speculation about what might have happened does not require the Court find in its favor. Accordingly, the Court will overrule Defendants' objections.

Defendants also ask the Court to remand the matter to the magistrate judge to allow Defendants to supplement their pleadings rather than require them to litigate the issue of exhaustion in a bench trial. Whether or not to resolve the exhaustion issue through supplemental briefing or through some other means is a decision that the Court leaves to the discretion of the magistrate judge after consultation with the parties.

Finally, the Court notes that Plaintiff asked for additional time to respond to the R&R. The Court denied that request, but gave Plaintiff an additional fourteen days to file objections to the R&R. (8/2/2021 Order, ECF No. 89.) Upon further review, and in light of the Court's decision to adopt the R&R and deny Defendants' motion for summary judgment, the Court finds that no additional time is necessary for Plaintiff to respond to the R&R because Plaintiff's objections could

not change the outcome. The R&R recommends denying Defendants' motion for summary judgment and the Court will adopt the recommendation. Plaintiff presumably agrees with that outcome.

Accordingly,

**IT IS ORDERED** that Defendants' objections to the R&R (ECF No. 83) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 78) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's order (ECF No. 89) giving Plaintiff additional time to respond to the R&R is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for additional time to respond to the R&R (ECF No. 85) is **DENIED** as moot.

Dated: August 2, 2021

/s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE